**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SYLVIA OCAMPO-WIECHMANN, a/k/a
Sylvia Wiechmann, a/k/a Sylvia O.
Wiechmann,

        Plaintiff - Appellant,

v.

NANCY L. ANDERSON, and all alias
[sic],

        Defendant - Appellee.

No. 10-1105

(D. Colo.)
(D.C. No. 1:09-CV-02906-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Appellant has waived oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R.

34.1(G).  This case is submitted for decision on the briefs.

Sylvia Ocampo-Wiechmann, a prisoner in the Denver County jail proceeding pro

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished).  *Id.*

se,[1] appeals from the district court's order dismissing her civil complaint for failure to cure deficiencies in her request to proceed *in forma pauperis* (*ifp*). We affirm.

## I.     BACKGROUND

Ocampo-Wiechmann, filed a civil claim against Nancy L. Anderson, her former employer and landlord, and a request to proceed *ifp*.[2] On December 11, 2009, the magistrate judge issued an order directing her to cure various deficiencies within thirty days. Specifically, the order directed Ocampo-Wiechmann to file her complaint and request to proceed *ifp* on the proper forms and to comply with the statutory requirements governing requests to proceed *ifp*. *See* 28 U.S.C. § 1915. On December 22, 2009, she filed a complaint and her request to proceed *ifp* on the proper forms. However, she did not submit a certified statement of the amount in her prisoner's trust account for the six months preceding her filing.[3] *See* 28 U.S.C. § 1915(a)(2).

---

[1] We liberally construe pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). During the course of these proceedings, Ocampo-Wiechmann has been transferred back and forth from the Denver County jail to the Colorado State Hospital for competency evaluations. Her latest notification of her address indicates she is currently at the State Hospital.

[2] We have read the original and amended complaints and are uncertain the actual basis under which Ocampo-Wiechmann claims federal jurisdiction. She did not respond to the jurisdictional question on the complaint form and checked "no" in response to the question asking if the defendant was acting under color of state law, but her complaint does mention she was renting under "Sec[tion] 8," a federal housing program. (R. Vol. I at 15, 18.) Solicitous interpretation of her pro se complaint, therefore, provides some basis for jurisdiction. We leave it for the district court to further explore the basis for its jurisdiction should Ocampo-Wiechmann choose to re-file her complaint.

[3] Subsection (a)(2) of 28 U.S.C. § 1915 states:

A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees . . . in addition to filing

On January 21, 2010, the district court dismissed her complaint without prejudice for failing to cure the deficiency in her request to proceed *ifp*. Ocampo-Wiechmann filed a "Motion for Rebuttal Of Dismissal" explaining she had difficulty obtaining the trust fund statement through the normal jail communications and received it only when she personally made her request. (R. Vol. I at 32.) Construing her "rebuttal" as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), the district court denied reconsideration.

Following her notice of appeal,[4] the district court ordered her to submit a motion to proceed *ifp* on appeal or pay the filing fee within thirty days. Instead, she filed a motion to proceed *ifp* on appeal with this Court and later submitted what appears to be a copy of her trust fund account. However, the certification page contains her handwritten notations including "Refuse to Sign!" in the signature line reserved for the authority certifying the submission. (Application at 12.)

The same day, we entered an order assessing the $455.00 filing fee and directing the proper custodian to begin deducting partial payments from Ocampo-Wiechmann's trust account. Wiechmann filed a motion to reconsider this assessment because her monthly deposits are donations; she filed a prisoner complaint "which the fee is normally

---

the [necessary affidavit], shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

[4] Ocampo-Wiechmann filed a "Motion for Rebuttal of Dismissal & Amend in the 10th Circuit Court of Appeals" and a "Motion to Transfer Civil Action" with this Court. (R. Vol. I at 39, 44.) We construe these pleadings, together, as her notice of appeal.

$5.00 to $10.00" for a prisoner; and she has lost all her assets to Anderson. (Motion to Reconsider at 1-2.)

## II.    DISMISSAL WITHOUT PREJUDICE

"Rule 41(b) [of the Federal Rules of Procedure] specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts . . . to dismiss actions sua sponte for a plaintiff's failure to comply with the rules of civil procedure or court's orders." *Id*. at 1161 n.2 (quotations omitted). "We review dismissals under Rule 41(b) for abuse of discretion." *Id*. at 1161. "Employing Rule 41(b) to dismiss a case without prejudice . . . of course allows the plaintiff another go . . .; a district court may, without abusing its discretion, enter such an order without attention to any particular procedures. *Id*. at 1162.

After a review of the entire record, we cannot say the district court abused its discretion. While Ocampo-Wiechmann was transferred to a different facility after filing her complaint, the transfer did not occur until after the court-ordered thirty-day period had expired. She did not provide the district court copies of her requests for a certified trust account statement which were allegedly denied. The court could reasonably conclude her excuses were not credible. In addition, the dismissal is without prejudice so she can re-file her complaint with a properly supported motion to proceed *ifp*.

### III. MOTIONS PENDING WITH THIS COURT

Ocampo-Wiechmann has two motions pending with this Court – her motion to proceed *ifp* on appeal and her motion to reconsider the fee assessment. To proceed *ifp* on appeal "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). Ocampo-Wiechmann has not submitted a *certified* copy of her trust account and offers no explanation why the proper authority refused to sign it. In any event, her appeal is frivolous as she had only to complete the same forms she must complete on appeal to re-file her claim. Therefore, we deny her motion to proceed *ifp*.

Even if we allowed her to proceed *ifp* on appeal, we would deny her motion to reconsider the assessment of fees. Subsection (b) of 28 U.S.C. § 1915 states in pertinent part:

> (b)(1) Notwithstanding [authorization to proceed ifp], if a prisoner . . . files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The fee to file an appeal in the Tenth Circuit is $455.00.

The dismissal without prejudice is **AFFIRMED**; the motion to proceed *ifp* on

appeal is **DENIED**; the motion to reconsider assessment of fees is **DENIED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge